No. 40,447

THE STATE OF KANSAS, *Appellee*, v. LAWRENCE CLYDE COOK, *Appellant*.

(305 P. 2d 851)

Opinion filed January 12, 1957.

*Pat Warnick*, of Wichita, argued the cause, and *Alan B. Phares, William C. Norton*, and *H. E. Pat Healy*, all of Wichita, were with him on the brief for the appellant.

*Keith Sanborn*, Deputy County Attorney, of Wichita, argued the cause, and *John Anderson, Jr.*, Attorney General, *Paul E. Wilson* and *Robert E. Hoffman*, Assistant Attorneys General, all of Topeka, and *Warner Moore*, County Attorney, of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

THIELE, C. J.: Lawrence Clyde Cook was tried on an information charging him with selling intoxicating liquor contrary to G. S. 1955 Supp., 41-901. The jury returned a verdict of guilty, the defendant's motion for a new trial was denied and sentence was imposed, following which he perfected an appeal to this court.

In his abstract appellant specifies error in nine particulars, but in his brief he states that his specifications of error and his complaints of prejudicial error rest upon three basic propositions or contentions which he sets forth, and which will be treated in order.

Appellant's first contention is that he was charged in the information only with making an unlawful sale on December 2, 1955, and that the trial court erred in permitting evidence of other sales made on November 11th and November 3rd of the same year. The gist of his argument is that as he was charged with a sale on a particular day he was prepared to defend as to that sale, and to permit the state to show sales on other days was not in accord with general rules of criminal procedure. He states he does not deny there are well defined exceptions to the rule as to showing other offenses, but contends that the evidence of other sales did not show method, plan, system, inclination or tendency on his part to commit similar crimes, or if it be said it did, the rule permitting such a showing should be abrogated. Without going into any detail it may be said the defendant was employed as a "doorman-public-relations man at the T-Bone Club" and that the evidence tended to show that he procured the liquor allegedly sold on December 2, and on the two prior dates, from the rear of his automobile which was parked in the vicinity of the club. Appellant made no objection to the trial court's instruction to the jury stating in general that when the state had elected to rely on the particular date of December 2, 1955, evidence of other sales on previous dates was not admitted for the purpose of convicting him of having made such sales, but for the purpose of showing intention, inclination and tendency, in committing the offense of December 2, 1955. This court considered the rules with respect to the admission of evidence of other independent and unrelated crimes in *State v. Callahan,* 179 Kan. 603, 296 P. 2d 652, and made a review of some of our decisions and cited others, to which reference is made, and held:

"As a general rule, upon the trial of a criminal action evidence of the commission of other independent and unrelated crimes by the defendant, is inadmissible." (Syl. 1)

"Exceptions to the general rule above stated are that evidence of other crimes by the defendant, similar to that being tried, is admissible when it shows or tends to show a particular criminal intent which is necessary to constitute the crime charged, or when such evidence shows or tends to show identity, intent, method, plan, system, malice, inclination or tendencies on the part of the defendant to commit similar crimes, as the case may be." (Syl. 2)

The evidence as to previous sales tended to show intent, method, plan and system, to say the least, and was not inadmissible. Appellant's first contention cannot be sustained.

Appellant's second contention is that the trial court erred in permitting the state's witness Olden to testify from notes not made by him at the time. The witness was an investigator for the sheriff and testified as to purchasing whisky from the appellant on December 2, 1955. Although not clearly disclosed by the evidence as abstracted, Olden had referred to some notes when appellant objected to his reading from the notes. Further examination disclosed that Olden was accompanied by an agent Winters and that on the next morning Olden and Winters made a report which was typed by Winters. Appellant's objection was that as Winters had made a part of the notes, it was improper to permit Olden to use the notes to refresh his recollection. In his oral argument and in his brief appellant goes beyond the scope of his objection and also presents questions of refreshing recollections from notes and the use of the notes themselves as evidence where the witness has no recollection but states he made the memorandum at the time and that it was correctly made. The gist of his argument is that if Olden had personally made his notes at the time of the event, he could have used them to refresh his recollection (citing *The State v. Baldwin*, 36 Kan. 1, 12 Pac. 318, and *Supply Co. v. Case*, 116 Kan. 520, 227 Pac. 257), but that he cannot use notes prepared by another for he is then testifying to what some other person says. A part of the argument is that the witness used the notes to refresh his recollection as to the previous sales, but our study of the record does not disclose this to have been the fact. In *Wilkes v. Coal Co.*, 95 Kan. 493, 148 Pac. 768, it was held that a witness may refresh his recollection from a memorandum made under his direction, and in *Cockrill v. Railway Co.*, 90 Kan. 650, 136 Pac. 322, it was held that the report of a commission company was competent and might be used by a

shipper to refresh his recollection of the sums received for the animals composing the shipment, stated to be as he remembered it, the weight and force of the testimony being for the jury. Appellant's second contention is not sustained.

Appellant also contends the trial court erred in permitting the state to introduce in evidence some packages of liquor, some opened and some sealed, which the witness stated had been taken from the trunk of appellant's automobile at the county jail shortly after the appellant's arrest on December 2, 1955. The gist of appellant's argument is that he was not charged with the possession of liquor, no longer a crime in this state; that he was charged only with selling one bottle of liquor on December 2, 1955, and the only testimony relating to getting liquor out of his automobile was with respect to the sale of November 11, 1955, and the only purpose was to prejudice the jury without relating the evidence to the offense charged. Appellant says he knows of no citations of cases or principles of law which would be of assistance and he concedes that had the keeping of liquor in the car been an offense and charged, then it could have been offered. The state's answering argument is that while it was legal for appellant to own liquor, the liquor was some evidence taken at the scene of the offense and was admissible in evidence.

Our review of the evidence as abstracted shows that appellant had no retailer's liquor license, and leads to a conclusion it was inferrable from the evidence that appellant was engaged in making sales of liquor which he procured from a stock kept in the trunk of his car, and that such was his method of carrying on his operations and this was borne out by some evidence of which appellant makes no complaint. Not only was the liquor found, but in the glove compartment of his automobile a notebook was found, admittedly belonging to appellant, listing various dates in November, 1955, and also December 1, 1955, showing, for examples, "Nov. 11th 1 Pint $5.00" and "Dec. 1st 1 Scotch $10.00. 1 Pint Free. 3 Pints at cost." No names were shown. It was certainly inferrable from this notebook that it was a record of sales and not, as contended by appellant on cross-examination, a record of gifts to customers. In view of the whole record we cannot discern that the admission in evidence of the liquor mentioned was prejudicial to the appellant.

The judgment of the trial court is affirmed.

HALL, J., not participating.