No. 43,132

THE STATE OF KANSAS, *Appellee,* v. JOHNNIE HOLMES, *Appellant.*

(379 P. 2d 304)

Opinion filed March 2, 1963.

*E. J. Schumacher,* of Topeka, argued the cause and was on the brief for the appellant.

*Robert M. Brown,* County Attorney, argued the cause, and *William M. Ferguson,* Attorney General, and *Sherman A. Parks,* Assistant County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: Following a raid by officers at an establishment on lower Kansas Avenue in the city of Topeka, the defendant was charged with setting up and keeping a gambling table, in violation of G. S. 1949, 21-915. He was convicted as charged, and, following the overruling of his motion for a new trial, has appealed and alleges sixteen specifications of error.

At the outset, it should be stated that this court has read the record presented and has considered each of the alleged errors specified. No new or novel points of law are involved, and certainly no useful purpose would be served by detailing the evidence or by taking up and discussing in detail each of the alleged errors. The court is convinced that the appeal is completely without merit and that the judgment must be affirmed. Nevertheless, a few of the alleged errors will be mentioned and discussed briefly.

It is contended the court erred in overruling the motion to quash and the plea in abatement. Apparently the grounds for these motions are that the information does not state a public offense and that defendant was denied a preliminary hearing. The information is substantially in the language of the statute and a public offense was sufficiently charged. The record indicates—and upon oral argument it was admitted—that defendant, while represented by counsel, had previously waived his right to a preliminary hearing. Both motions were properly overruled.

It is contended the court erred in overruling the motion to discharge at the close of the state's evidence. This motion likewise was without merit, for the evidence clearly established defendant to be in charge of and "keeper" of the dice game within the meaning of G. S. 1949, 21-915 and 21-935.

It is contended the court erred in admitting evidence secured by entrapment. A short answer to this argument is that under the facts shown there simply was no element of "entrapment" in any sense of the word.

It is contended the court erred in admitting evidence secured by illegal search and seizure. This argument likewise is without merit. The raid was made by officers under the authority of a search warrant for liquor violations, but it does not follow they were completely impotent to act when, during the process of the raid, they discovered the gambling activities in question.

Another alleged error concerns the alleged prejudicial effect of a news story and picture appearing in a local newspaper during the progress of the trial. It does not appear this matter was raised at the hearing on the motion for new trial, and, in any event, no prejudice has been made to appear.

It also is contended the state's cross-examination of defendant relating to previous arrests and convictions was prejudicial. The rule is that when a defendant in a criminal prosecution takes the witness stand he subjects himself to inquiry concerning his past criminal record, and the contention is without merit.

It also is argued that defendant was prosecuted for and convicted in police court of offenses growing out of the same facts here charged —thus subjecting him to "double jeopardy." The contention is not good, and in this connection see *City of Garden City v. Miller*, 181 Kan. 360, 365, 366, syl. 3, 311 P. 2d 306.

Finally, it is contended the trial court erroneously denied a transcript without cost as provided by G. S. 1961 Supp. 62-1304. On this point the record is not entirely clear, but, in any event, it is an established fact that a continuance was granted in this court until such time as defendant could secure a transcript—and that he did secure one. No prejudice has been claimed or shown.

A number of other alleged errors are mentioned, but require no comment. An examination of the entire record and all contentions made fails to establish anything remotely approaching prejudicial error. It appears that during all stages of the trial defendant's rights were diligently protected by court and counsel, and the judgment is therefore affirmed.