No. 44,373

STATE OF KANSAS, *Appellee*, v. BUELL GATES, *Appellant*.

(410 P. 2d 264)

Opinion filed January 22, 1966.

*Robert W. Kaplan*, of Wichita, argued the cause, and *Calvin L. McMillan* and *Richard L. Honeyman*, both of Wichita, were with him on the brief for the appellant.

*R. K. Hollingsworth*, Deputy County Attorney, argued the cause, and *Robert C. Londerholm*, Attorney General, and *Keith Sanborn*, County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an appeal from a conviction of the offenses of forgery in the second degree and uttering and passing a forged check (K. S. A. 21-608 and 609).

It first is contended that prejudicial testimony was admitted which tended to show that defendant was a well known police character and a passer of bad checks.

There are several answers to this contention. First, the record does not show that objection was made to such testimony. Secondly, the matter was not raised and argued at the hearing on the motion for a new trial and, therefore, is not subject to review (*State v. Burnett*, 189 Kan. 31, 367 P. 2d 67, *State v. Malone*, 194 Kan. 563, 567, 568, 400 P. 2d 712). Thirdly, if the matter were before us—no error was committed. Identification of the defendant by the cashier of the supermarket where the forged check was passed was

of prime importance in the case (see K. S. A. 60-455 and *State v. Wright*, 194 Kan. 271, 274, 275, 398 P. 2d 339). Furthermore, when the state offered in evidence another forged check counsel for defendant stated that he had no objection to its introduction.

It next is contended that the giving of three instructions was error.

Two of them were to the effect that it was unnecessary for the state to prove by direct and positive evidence that the defendant did in fact forge the instrument in question, that possession of a forged instrument by one who utters or seeks to utter it or otherwise to realize on it or profit by it, without a reasonable explanation of how he acquired it, warrants an inference that the possessor himself committed the forgery or was a guilty accessory to its commission, and that any person who counsels, aids, or abets in the commission of any offense may be charged, tried and convicted in the same manner as if he were a principal. The contention is without merit (*State v. Earley*, 119 Kan. 446, Syl. 3, 239 Pac. 981, and *State v. Johnson*, 189 Kan. 571, Syl. 3, 370 P. 2d 107).

The other instruction complained of was the usual general one to the effect that statements and arguments of counsel were not evidence, that the jury must decide the case solely on the evidence introduced without favoritism or prejudice, and that sympathy should not enter into their deliberations. We find nothing wrong with this instruction.

It next is argued that the verdict was contrary to the law and evidence.

This contention likewise is without merit. The state's evidence as to defendant's behavior after being questioned by a detective was a matter for the jury to consider. The credibility of the state's witnesses as to the identification of defendant as being the person who passed the check, also was a matter for the jury—and it elected to believe those witnesses. In considering the sufficiency of evidence to sustain a conviction this court looks only to evidence favorable to the decision, and if the essential elements of the charge are sustained by any legally admitted evidence the conviction stands (*State v. Wood*, 145 Kan. 730, 67 P. 2d 544).

The next contention is that the court erred in failing to give defendant reasonable notice that the habitual criminal statute (K. S. A. 21-107a) was to be invoked, and in failing to provide for a full and complete hearing prior to invoking and sentencing him under such statute.

The contention is utterly lacking in merit. The record shows that in open court and *prior* to the commencement of the trial the deputy county attorney notified defendant and his counsel that in the event defendant was convicted the state would move the court to sentence him under the habitual criminal statute and would offer evidence in support thereof. Defendant was convicted, and, following the overruling of his motion for a new trial the state offered in evidence records of two prior felony convictions and moved for imposition of sentence under the habitual criminal statute. The journal entry of judgment recites that from the records of the two prior convictions, together with testimony, and from *admissions of defendant,* it was established that he was one and the same person who was twice previously convicted to a felony. In fact, the record shows no objection by defendant as to the matter and he offered no legal reason or excuse why judgment and sentence should not be pronounced. Accordingly, in imposing sentence the provisions of the habitual criminal statute were invoked. We find nothing wrong with this procedure. The facts speak for themselves, and clearly establish that defendant and his counsel were afforded ample and reasonable notice and an opportunity for a full and complete hearing on the question.

Finally, it is argued that on grounds heretofore mentioned, defendant's motion for a new trial should have been granted. We have examined the entire record and in no respect has it been shown that the substantial rights of defendant, who, throughout the trial, was represented by counsel, were in any way prejudicially affected. The motion for a new trial was properly overruled.

No error being shown—the judgment is affirmed.