No. 44,812

EARVIN SYLVESTER WRIGHT, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(427 P. 2d 611)

Opinion filed May 13, 1967.

*Reuben E. Weatherford, Jr.,* of Independence, argued the cause and was on the brief for the appellant.

*Monte K. Heasty,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *B. D. Watson,* of Independence, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: The petitioner, Earvin Sylvester Wright, was convicted on two charges of second degree forgery. On appeal to this court the conviction was upheld. Our decision is reported in *State v. Wright,* 194 Kan. 271, 398 P. 2d 339.

In the present action, initiated under K. S. A. 60-1507, the petitioner seeks to set aside and vacate his conviction upon various grounds. On receipt of petitioner's motion to set the conviction aside, the trial court appointed counsel and ordered an evidentiary hearing held. At the hearing the petitioner was present and testified. After the hearing was concluded, a memorandum was filed in which the trial court carefully considered the points raised by petitioner, entered findings of fact and conclusions of law, and denied the petitioner's motion.

The present appeal stems from the overruling of Wright's motion. Six points are raised in the brief filed by petitioner's appointed counsel.

1. Failure to provide counsel at the preliminary hearing.
2. Denial of compulsory process for obtaining defense witnesses.
3. Failure of officers to advise petitioner of the date of his preliminary examination.
4. Intimidation on the part of the examining magistrate preventing petitioner from testifying at his preliminary hearing.
5. Failure of counsel to present issues concerning the legality of pretrial proceedings, either to the trial court or on appeal.
6. Failure on the part of counsel to demand a psychiatric examination or present the issue of petitioner's sanity.

Turning to the first point raised, this court has held, in cases too numerous to mention, that a defendant accused of felony has no constitutional right to appointed counsel at his preliminary examination in the absence of prejudice to his substantial rights. Among our most recent decisions to this effect are *Addington v. State,* 198 Kan. 228, 424 P. 2d 871; *State v. Washington,* 198 Kan. 275, 424 P. 2d 478; *Brown v. State,* 198 Kan. 345, 424 P. 2d 576. We adhere to the position we have taken in the foregoing and many other cases.

The petitioner's complaint that he was denied compulsory process to obtain the attendance of his witnesses is completely refuted by the record. It is a mendacious assertion; the kind of irresponsible charge which far too often befouls the corridors of justice. At the hearing on his 1507 motion, Wright testified that no one had denied him the right to subpoena witnesses. The evidence at that hearing also established conclusively that petitioner's court appointed counsel not only tried to get in touch with defense witnesses by phone and by letter, but made a special trip to Kansas City in a futile effort to locate alibi witnesses whose names were furnished him by his client.

At the same hearing, the petitioner testified he was not informed of the time his preliminary hearing would be held. This testimony is completely uncorroborated. Rule No. 121 (g) provides that uncorroborated statements of a movant (petitioner) are insufficient to sustain his burden of proof (194 Kan. xxviii). We also are entitled to assume that the petitioner was properly kept informed, either by the magistrate or by the county attorney, concerning the date of his preliminary examination, for it is presumed that public officers will rightfully perform their duties. (*Lewis v. City of South Hutchinson,* 162 Kan. 104, 174 P. 2d 51; *Lyerla v. Lyerla,* 195 Kan. 259, 264, 403 P. 2d 989.)

During the preliminary examination, at which the petitioner was not represented, the state produced the testimony of several witnesses. When the state concluded, the examining magistrate advised Mr. Wright as follows:

"This is a Preliminary Hearing and not a trial. You have a right to testify at this time but you are not required to do so. If you do testify, anything you say may be used against you in District Court in case you are bound over to the District Court for trial. Bearing that in mind, do you care to testify?"

The above advice constitutes the basis for the petitioner's claim of judicial intimidation which prevented him from testifying in his own behalf. We believe this contention lacks merit. In the first place the magistrate correctly stated the law, as it has been expounded by this court. In *State v. Sorter*, 52 Kan. 531, 34 Pac. 1036, it was held:

"Where a defendant freely offers himself as a witness, and voluntarily gives testimony in a preliminary examination or trial, such testimony may be introduced and read against him in the final trial of the cause." (Syl. 6.)

See, also, *State v. Miller*, 35 Kan. 328, 10 Pac. 865.

But even though it could be said that such advice was incorrectly or improvidently given, the petitioner waived whatever error may have occurred. The journal entry in the criminal case recites that upon arraignment the petitioner, who appeared with appointed counsel, was asked whether he had been represented by counsel at the preliminary hearing. On being advised that Mr. Wright was not so represented, the court inquired whether he desired a further preliminary hearing to which Wright replied that he desired to waive further preliminary hearing.

The record does not reflect that Wright has ever questioned the accuracy of the journal entry, and the trial court found that he had waived additional preliminary examination. In view of his express waiver the petitioner is now in no position to complain of any irregularity which may have inhered in the preliminary hearing. (*Ramsey v. Hand*, 183 Kan. 307, 327 P. 2d 1080; *State v. Holmes*, 191 Kan. 126, 379 P. 2d 304.)

A considerable part of the petitioner's attack on his sentence, (and we note he filed a *pro se* brief before the trial court), is directed against his court appointed counsel. Unfortunately, the practice of accusing appointed counsel of incompetency is becoming a favorite sport among persons convicted of crime. In many instances accusations of this character are based on the flimsiest of grounds.

In the present case, one of the chief complaints pertaining to the services rendered by Mr. Charles D. Knapp, a lawyer of high standing in his profession, appears to be his failure to present issues going to the regularity of the preliminary hearing. In particular, the petitioner throughout his testimony pointed to lack of counsel at the hearing, to continuances of the hearing and to his right to present witnesses at the hearing.

It should be recognized by now that under ordinary Kansas practice the preliminary examination does not constitute a critical stage in a criminal proceeding. (*State v. Richardson,* 194 Kan. 471, 399 P. 2d 799; *State v. Washington,* supra.) In *State v. Daegele,* 193 Kan. 314, 393 P. 2d 978, we said that the purpose of a preliminary examination for a defendant charged with felony is to ascertain whether an offense has been committed and to determine whether there is probable cause for charging the defendant with its commission. (See, also, *White v. Crouse,* 193 Kan. 674, 396 P. 2d 333, cert. den., 381 U. S. 954, 14 L. Ed. 2d 727, 85 S. Ct. 1814; *Cooper v. State,* 196 Kan. 421, 411 P. 2d 652.) Moreover, as we have said earlier in this opinion, this court has held many times that no constitutional right of an accused is violated by failure to provide him counsel at the preliminary examination stage, absent a showing of prejudice to his substantial rights.

Mr. Knapp testified that he was aware of the decisions of this court concerning the appointment of counsel at the preliminary examination phase of a criminal proceeding and that he had been of the opinion it would be unavailing to raise the pretrial errors urged by Wright. Such an opinion on his part would not brand Knapp as incompetent. Reputable lawyers often harbor different legal opinions on a given subject. In the present case we believe no respectable lawyer would say that Knapp was irresponsible in the view he took of the petitioner's claims of pretrial error.

The petitioner, in his *pro se* brief, argues that the preliminary examination became a critical stage when he became afraid to testify in his own defense. This argument is unfounded. Under the circumstances shown in this case the petitioner lost no vital defense by failing to testify, nor did the state gain an advantage therefrom. Wright was identified by two witnesses at the preliminary hearing as the man who passed the forged check, and whatever evidence the petitioner may have wished to present in denial of their testi-

mony would not have constituted grounds for his release. Knapp cannot justly be charged with incompetence for failing to agree with this theory advanced by his client.

As a matter of plain fact, the record in this case shows that Knapp represented this petitioner faithfully and well. He secured, through the county attorney, a transcript of the preliminary examination. He filed a plea of alibi. He diligently sought to contact alibi witnesses who allegedly lived in Kansas City and even secured a continuance to give him additional time to locate such witnesses. He represented the petitioner throughout the trial, on his motion for new trial and on appeal from the conviction.

This court has previously said, in *Call v. State*, 195 Kan. 688, 408 P. 2d 668, cert. den., 384 U. S. 957, 16 L. Ed. 2d 552, 86 S. Ct. 1581, that the adequacy of services rendered by an attorney to his client is to be measured by the sum total of his representation. The total quality of Mr. Knapp's representation may perhaps be gauged best by the fact that the petitioner requested his reappointment to assist in this 1507 proceeding. Since Knapp was expected to be a witness at the evidentiary hearing, the trial court denied such request and selected Mr. Reuben E. Weatherford, Jr., also a reputable member of the bar, to assist Wright both at the hearing and on appeal.

Finally, the petitioner maintains that his sentence should be vacated because his counsel did not demand a psychiatric examination or present the issue of sanity. By this contention we presume the petitioner means that no issue was raised as to his sanity, either as of the time of trial, or as of the date the offenses were committed. We think the record reflects no discredit on Mr. Knapp in this respect. The petitioner conceded, in his testimony, that he had never discussed the matter of a psychiatric examination with his counsel prior to trial. Furthermore, we find nothing in the record to challenge the attention, either of defense counsel or of the trial court, to any derangement of the petitioner's mental faculties.

It is only when the trial court entertains real doubt as to the defendant's mental capacity that a commission must be appointed pursuant to the provisions of K. S. A. 62-1531. (*Van Dusen v. State*, 197 Kan. 718, 421 P. 2d 197; *State v. English*, 198 Kan. 196, 424 P. 2d 601.) Even where a commission is appointed, the issue before that body is whether the defendant is insane and unable to comprehend his position and make his defense, not whether psychiatric treatment

is to be recommended. (*Kiser v. State*, 196 Kan. 736, 739, 413 P. 2d 1002.)

In view of the petitioner's complete pretrial silence on the matter of psychiatric examination, and in further view of the complete absence from the record of any indication that the petitioner was insane, it would be unfair to charge his counsel with dereliction of duty for failure to demand a mental examination or to present insanity as an issue in the trial. Even the best of lawyers are apt to be ill-trained in the subtle art of mind reading. We might also add that addiction to crime is no indication of insanity, *per se*, even though a predilection toward lawlessness may be a deviation from the social norm.

One last note: In his *pro se* brief, the petitioner argues that one of the previous convictions used in imposing sentence under the Habitual Criminal Act was for an offense dissimilar from forgery, and hence was inadmissible to enhance punishment. This suggestion has no merit. There is no requirement that a prior conviction relied on in imposing an increased sentence under K. S. A. 21-107a shall be for a similar or like offense, and we cannot read such a condition into the statute.

No error has been made to appear and the judgment of the trial court is affirmed.