No. 44,674

STATE OF KANSAS, *Appellee*, v. FREDDIE EUGENE SCOTT, *Appellant*.

(428 P. 2d 458)

Opinion filed June 10, 1967.

*Charles D. Knapp*, of Coffeyville, argued the cause and was on the brief for the appellant.

*Monte K. Heasty*, County Attorney, argued the cause, and *Robert C. Londerholm*, Attorney General, and *Timothy R. Emert*, Assistant County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is a criminal action in which the defendant was convicted of grand larceny under K. S. A. 21-533 by a jury and sentenced to a term of not exceeding five years pursuant to the provisions of K. S. A. 21-534. Appeal has been perfected by the defendant from the judgment and sentence.

Questions on appeal relate to the admissibility of evidence and the sufficiency of the evidence to sustain the verdict.

Freddie Eugene Scott (defendant-appellant) was charged with stealing more than $50 from Minnie Hindman, d/b/a Hindman's Grocery at 207 Union Street, Coffeyville, Kansas, on the 12th day of August, 1965.

On the 13th day of September, 1965, he was arraigned in the district court on an information which charged the foregoing offense, and after the appointment of counsel to represent him because of

his indigency, the defendant entered a plea of not guilty and filed a plea of alibi.

The case was first tried on the 4th day of October, 1965, and resulted in a hung jury. The defendant was again tried to a jury on the 3rd day of March, 1966, which resulted in his conviction. Thereafter his motion for a new trial was heard and overruled, and the defendant was sentenced to serve a term in the Kansas State Penitentiary in accordance with law.

The evidence disclosed that Minnie Hindman operated a neighborhood grocery store at 207 Union Street in Coffeyville, Kansas, on the 12th day of August, 1965. She had gone to work at the store on that day at approximately 6:00 a. m. and went about her usual duties operating the store. She was not paying any particular attention to the time, nor did she look at any clock, but she judged it to be approximately 9:00 a. m. when she heard an unusual noise and looked around and saw the defendant, Freddie Eugene Scott, with his hand in her cash register. She saw him remove the paper money from the register. Mrs. Hindman testified she got a good look at his face and positively identified the defendant as the man who stole her money.

She further testified that shortly after the defendant took her money and ran from her place of business, she called the Coffeyville police department to advise them of the theft. Jerry Hoover, a Coffeyville police officer, testified that he received this call at 10:50 a. m. Mrs. Hindman gave the police officers a description of the person who stole the money, and later in the day identified the defendant when she saw him at the Coffeyville police station.

The chief of detectives of the Coffeyville police department testified that Mrs. Hindman described the person who stole her money as a young, very dark colored man, approximately twenty years old, five feet ten or eleven inches tall, slender build, wearing dark clothing and bareheaded. In the course of investigation he walked from the defendant's home to the grocery store belonging to Mrs. Hindman at a normal pace, and the time required was eleven minutes and twenty-three seconds.

The evidence disclosed the defendant left home sometime after 10:00 in the morning in question and did not return until shortly after 11:00 a. m. According to the defendant, he walked around Coffeyville during this period of time but did not see anyone that he recalled.

When the defendant was first arrested he stated he had been at home all morning until 11:50 a.m., and indicated that the witnesses at his home would verify this, a fact which was not later borne out by the testimony of these witnesses. The defendant also testified he went by the house of Isaac Johnson, walking east, and at no time did he go by Mr. Johnson's house walking west toward town or Hindman's Grocery. Mr. Johnson testified he saw the defendant on the day of the theft during the middle of the morning going west toward town and toward Union Street where the Hindman Grocery is located.

The appellant specifies as error the admission of testimony by a police officer as to the time of receiving the telephone call at the police station for the purpose of establishing the time of the offense. The appellant argues the time of the offense charged was "about nine o'clock" in the morning, as testified to by Mrs. Minnie Hindman, the complaining witness. It is argued she was the only person at the scene, and the appellant's alibi, as established by two witnesses residing in his home to the effect that he was home until shortly after 10:00 a. m. on the morning in question, stands unchallenged by any evidence in the record.

The state sought to overcome this alibi by introducing the testimony of Jerry Hoover, employed by the Coffeyville police department on August 12, 1965, that the time of the offense was much later in the morning. Hoover testified he received a call regarding this offense at 10:50 a. m.

The appellant contends upon cross examination of Mr. Hoover it developed that the witness did not remember the time of the call until after he was subpoenaed and looked it up on the report. It is argued Mr. Hoover was merely reciting as evidence that which he had read the day before, and the report was not introduced in evidence, nor used upon direct examination to refresh his memory.

An examination of Mr. Hoover's testimony does not bear out the appellant's contention. Officer Hoover testified that as a part of the usual police procedure when he received a call he immediately noted the time of the call, along with other details, and dispatched officers to the scene. On cross examination he stated the time was a matter of his recollection, after looking at the report. On cross examination Mr. Hoover testified on this point as follows:

"Q. Well, if you remember the time, as I understand your statement, without looking at it, is that correct?

"A. You mean without looking at the report?

"Q. Yes.

"A. I didn't until I looked at the report and I remembered it."

The foregoing establishes that the witness had an independent recollection, after refreshing his memory by making reference to the police records, which he made in the ordinary course of police business.

It has long been the law in this jurisdiction that a witness may refresh his recollection by reference to a writing or memorandum made by him shortly after the occurrence of the fact to which he relates, and testify to the fact provided he then has an independent recollection of the subject matter. The weight and force of such testimony is for the determination of the jury, or the trial court when it is the trier of the facts. (*State v. Baldwin*, 36 Kan. 1, 12 Pac. 318; *State v. Cook*, 180 Kan. 648, 305 P. 2d 851; and *Carter v. Carter*, 187 Kan. 74, 353 P. 2d 499.)

The appellant next specifies that the court erred in overruling his motion for a new trial because the verdict is not sustained by the evidence.

The appellant makes much of the fact that Mrs. Hindman's recollection was faulty on several collateral matters, such as the number of police officers who called at her store to make the investigation, and whether they were wearing uniforms or plain clothes. It is argued the jury was required to disbelieve the complaining witness as to the time of day the theft occurred, and to believe her as to the identity of the person who stole her money to find the appellant guilty.

While these factors no doubt contributed to the hung jury in the first trial, the appellant's argument in substance asks this court to sit as a jury and weigh the evidence to decide a question of fact in the appellant's favor.

At no place in the testimony of Mrs. Hindman did she testify that it was 9:00 a. m. when the theft occurred. Her testimony was that she did not look at a clock and was just judging it must have been about that time. She had been working since 6:00 a. m. that morning. There is ample evidence to show the crime was committed within a few minutes before 10:50 a. m. When the incident occurred and the thief left her store, she proceeded to the door to see

which direction he went and then immediately telephoned the police.

Mrs. Hindman testified the appellant stole more than $50 from her, and she positively identified him as the thief at the police station shortly after his apprehension on the day of the occurrence. She positively identified him again at the trial. This testimony, together with other evidence in the record which is entitled to credence, was sufficient to sustain the conviction.

This court has consistently adhered to the proposition that it is the function of a jury, not that of an appellate court on review, to weigh the evidence and pass upon the credibility of the witnesses. (*State v. Gates,* 196 Kan. 216, 410 P. 2d 264; *State v. Shaw,* 195 Kan. 677, 408 P. 2d 650; and *State v. Freeman,* 195 Kan. 561, 408 P. 2d 612, cert. den. 384 U. S. 1025, 16 L. Ed. 2d 1030, 86 S. Ct. 1981.)

In considering the sufficiency of the evidence to sustain a conviction this court looks only to evidence favorable to the decision, and if the essential elements of the charge are sustained by any legally admitted evidence the conviction stands. (*State v. Gates,* supra.)

The judgment of the lower court is affirmed.