No. 45,231

STATE OF KANSAS, *Appellee*, v. CHRISTIE LAVERNE KIMMEL, *Appellant*.

(448 P. 2d 19)

Opinion filed December 7, 1968.

*Stephen T. Mermigis*, of Kansas City, argued the cause and was on the briefs for the appellant.

*Nick Tomasic*, Assistant County Attorney, argued the cause, and *Robert C. Londerholm*, Attorney General, and *Frank D. Menghini*, County Attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

KAUL, J.: The defendant, Christie Laverne Kimmel, appeals from a conviction of robbery in the first degree (K. S. A. 21-527).

Defendant was arrested on October 7, 1966, and charged with the robbery of a service station attendant on October 6, 1966. He retained counsel and waived a preliminary hearing scheduled for October 27, 1966. An information was filed in the district court on November 14, 1966. On March 3, 1967, defendant failed to appear for a docket call in district court and a bench warrant for his arrest was issued. On August 4, 1967, defendant was apprehended and committed to the Wyandotte County jail. In September 1967 defendant's trial was set for October 5. On October 2 counsel for defendant filed a motion for continuance, which was denied. On October 5 defendant's former counsel withdrew and present counsel entered his appearance and requested a continuance, which was granted until October 23, 1967. After a request for a further con-

tinuance was denied on October 23, a trial by jury was commenced, ending with a verdict of guilty on October 25. Thereafter, defendant filed a motion for a new trial and an extension of time was granted to enable defendant to file a supplement to the motion—it was overruled on November 10. This appeal followed.

Defendant presents eight points which will be considered in the order presented.

For his first point, defendant claims error in the trial court's refusal to grant a further continuance on October 23, the date set for trial. As we have noted, defendant was granted a continuance on October 5 and that more than one year had elapsed since defendant was arrested and charged. Obviously, defendant had adequate time to prepare his defense. Defendant further complains the trial court erred in denying his request for a commission to take depositions of witnesses residing in the State of Missouri or in the alternative a continuance to take their depositions. The record discloses that on interrogation by the trial court defendant's counsel admitted that he had made no attempt to secure witnesses in question or to secure their testimony in person between October 5, when a continuance was granted, and October 23, the date set for trial. Further, the record discloses no effort by defendant to make use of the Uniform Act To Secure Attendance of Witnesses From Without State. (K. S. A. 62-2801, *et seq.*)

Under the circumstances related we find no abuse of discretion in the trial court's denial of a continuance. The rule is well-established in this jurisdiction that the granting of a continuance in criminal cases lies largely within the discretion of the trial court, whose ruling will not be disturbed on appeal unless there has been an abuse of discretion which prejudiced a defendant's substantial rights. (*State v. Dickson*, 198 Kan. 219, 424 P. 2d 274; *State v. Adamson*, 197 Kan. 486, 419 P. 2d 860; *State v. Hickock & Smith*, 188 Kan. 473, 363 P. 2d 541, appeal dismissed and cert. den. 373 U. S. 544, 10 L. Ed. 2d 688, 83 S. Ct. 1545.)

Included with contentions made in his first point, defendant now claims that he did not intelligently waive his preliminary hearing, although he was represented by retained counsel of his own choice at the time. When this point was raised before the trial court defendant's present counsel agreed to stipulate that defendant was adequately represented at the preliminary hearing and was coun-

seled as to his rights in connection therewith by his attorney at that time. No grounds are shown to revoke defendant's waiver of a preliminary hearing. (*Wright v. State,* 199 Kan. 136, 427 P. 2d 611; *State v. Holmes,* 191 Kan. 126, 379 P. 2d 304.)

For his second point, defendant claims the trial court erred in not changing venue or by not transferring the case to another division of the Wyandotte District Court, because the trial judge had knowledge of defendant's past record when a notice of intent to invoke the Habitual Criminal Act was filed by the county attorney prior to trial. The contention is unsupported by any decisions of this jurisdiction and is wholly without merit. Defendant fails to point out, and the record is completely void of, any abuse of discretion or intentional discrimination by the trial court in this regard.

Knowledge of accused's past record, or even belief on the part of the trial judge that accused is guilty, is not enough in itself to require a disqualification. The question is not whether the trial judge believes the accused guilty, but whether the trial judge can give him a fair trial. (*State v. Hendrix,* 188 Kan. 558, 363 P. 2d 522.)

Notification of intention to invoke the Habitual Criminal Act was made in the same manner—as here—in *State v. Gates,* 196 Kan. 216, 410 P. 2d 264, and the procedure was approved. (*See,* also, *Adair v. State,* 198 Kan. 1, 422 P. 2d 959.)

Defendant next claims error by the trial court in refusing to grant a mistrial because of an alleged sleeping juror. The record discloses that in the course of the trial a juror was seen several times with his eyes closed. Several spectators in attendance at the trial testified as witnesses at the hearing on defendant's motion for a new trial. They observed that the juror in question had his eyes closed several times during the trial but none of the witnesses testified that he was asleep. The defendant was unable to corroborate his allegation that the juror was asleep. The juror was not called to testify as to what testimony, if any, he may have missed. The trial court heard the testimony relative to the matter and commented on his observation of the juror during the trial. Because of its favored position, the judgment of the trial court on the matter cannot be disturbed on appeal on the showing presented here. The problem of a sleeping juror was considered in *State v. Jones,* 187 Kan. 496, 357 P. 2d 760, where it is stated:

". . . Misconduct of a juror is in the first instance a question for the trial court and when a motion for new trial is overruled it is thereby determined that the irregularity charged was not prejudicial to the substantial rights of the defendant. (*State v. Lammon*, 153 Kan. 822, 826, 113 P. 2d 1052.) Defendant fails to show that his substantial rights were so prejudiced by the conduct of this juror that a new trial should be granted." (pp. 499, 500.)

Defendant's principal contention concerns the admission of a confession, made in the presence of several police officers, shortly after his arrest. He argues that the state fell short of the requirements of *Miranda v. Arizona*, 384 U. S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A. L. R. 3d 974, in advising him of his constitutional rights.

Before admitting defendant's confession into evidence the trial court, in compliance with the direction of this court in *State v. Seward*, 163 Kan. 136, 181 P. 2d 478, heard, in the absence of the jury, extensive testimony of witnesses called by the state and defendant with respect to the circumstances surrounding the taking of defendant's confession. The record discloses that prior to taking defendant's confession he executed a waiver which set out his right to remain silent, to have counsel, to stop answering questions at any time or until he had talked to a lawyer. The waiver further read that defendant understood his rights, that he was willing to answer questions and make a statement, that he did not want a lawyer, that he understood and knew what he was doing, and that no promises or threats had been made or pressure of any kind used against him. Defendant admits his signature to the waiver and further admits "they sat me down at a desk and told me of my rights and asked me did I want to call an attorney." However, he testified that he did not know whether he had read the waiver and confession.

Defendant was interrogated at the police station by Detective Charles Forgey, in the presence of three other detectives, of the Kansas City Police Department. Forgey testified that he presented the waiver to defendant and that defendant appeared to read it, that defendant made no objection to signing the waiver, nor did he indicate that he did not understand it. After the statement was typed, defendant was asked to read it and sign it if it were true. Forgey testified that defendant held the statement in his hands and appeared to read it, that he made no objection, said it was correct, and signed it.

Defendant claims that when he was advised of his rights by Forgey he requested that Casey Jones, an Olathe attorney, be called

by telephone. Forgey denies that any such request was made. Defendant also claims that he was intoxicated at the time he made his statement and further that the officers present gave him more liquor during the interrogation. This claim was denied by Forgey and Lieutenant Myers, who was present at the time.

In addition to his own testimony, at the out of court hearing, defendant offered that of three officers who "booked him," following interrogation by Forgey. The three officers were examined at length by defendant's counsel concerning defendant's condition and some testimony was elicited that defendant appeared to have been drinking. One of the officers identified a "Breathalyzer Test," performed prior to the booking, which resulted in a reading of .17. Defendant also offered the testimony of an acquaintance who saw a television broadcast showing defendant at a booking desk with, what appeared to be, a "booking sergeant." The witness testified that "I kind of thought he looked sort of inebriated in a way, like he might be a little bit brewed up, but I didn't make any opinion of it." Forgey testified that defendant, at the time of questioning, did not appear to be drunk or under the influence of alcohol, and that he appeared to be in control of his senses.

After hearing the testimony, out of the presence of the jury, the court found the defendant's confession to be admissible and should be submitted to the jury with a proper instruction for determining what weight, if any, should be given to the confession. No objection was made to the instruction of the court in this regard. In *State v. Hansen,* 199 Kan. 17, 427 P. 2d 627, in an out of court hearing concerning the admissibility of a confession, the defendant testified that he was a diabetic and not in possession of his faculties due to lack of insulin. The trial court found against the defendant on the factual issue presented. In affirming the trial court's ruling on appeal we said:

"The court's findings that appellant's statements were knowingly and voluntarily made were supported by substantial evidence and will not be disturbed on appeal absent any showing of clear and manifest error." (p. 20.)

As we have indicated, the trial court carefully followed the directions laid down in *Seward* and more recently in *State v. Milow,* 199 Kan. 576, 433 P. 2d 538; *State v. Greenwood,* 197 Kan. 676, 421 P. 2d 24, and *State v. Jenkins,* 197 Kan. 651, 421 P. 2d 33.

Here the trial court, after hearing all of the testimony, concluded that the waiver and statement should be submitted to the jury with

proper instructions. The conclusion was supported by competent evidence and will not be disturbed on appeal. The applicable rule is found in *State v. Jenkins,* supra, where it is held:

"Where the trial court conducts a hearing in the absence of the jury to determine the admissibility of defendant's written statement, the determination that the statement was voluntarily made, is entitled to the weight commonly accorded findings of trial courts and if supported by competent evidence will not be disturbed on appeal." (Syl. ¶ 1.)

See, also, *State v. Robinson,* 182 Kan. 505, 322 P. 2d 767, and *State v. Demain,* 127 Kan. 716, 275 Pac. 139.

In his contentions presented on this point, defendant includes an argument that an identification by the complaining witness at the filling station, immediately following his arrest, constituted a "lineup" and violates the lineup rule laid down in *Gilbert v. California,* 388 U. S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951; *United States v. Wade,* 388 U. S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926. The identification in this case was made on October 7, 1966. In *Stovall v. Denno,* 388 U. S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967, it was announced that the constitutional rule established in *Gilbert* and *Wade,* on June 12, 1967, is not retroactive and has application only to cases involving confrontations for identification purposes conducted in the absence of counsel after the date of those decisions. (See *State v. Chuning,* 201 Kan. 784, 786, 443 P. 2d 248.)

In his brief defendant argues that an exception to the prospective application of *Wade* and *Gilbert,* announced in *Stovall,* is recognized in *Biggers v. Tennessee,* 390 U. S. 404, 19 L. Ed. 2d 1267, 88 S. Ct. 979, and supports his argument by quoting from a dissenting opinion written by Justice Douglas. The decision of the Tennessee Supreme Court, affirming the conviction of Biggers, was affirmed by an equally divided court, as a result the prospective application rule announced in *Stovall* was not altered.

In his fifth point on appeal, defendant contends the verdict was against the weight of the evidence. This contention is wholly without merit. The victim of the robbery testified that one man walked into the filling station, that nothing was covering his face, and that the identification was positive and unequivocal. On cross-examination the the victim stated:

"I picked him out of a whole bunch of photographs they brought down to the service station, and I'm positive."

The jury also had the benefit of the waiver and confession and the testimony relative to their execution. After hearing all the

testimony the jury returned a verdict of guilty which was approved by the trial court. Under such circumstances the verdict will not be disturbed on appeal. The oft repeated rule was most recently stated in *State v. Paxton*, 201 Kan. 353, 440 P. 2d 650, where it was held:

"A verdict of guilty which has been approved by the trial court will not be set aside because of insufficiency of evidence, unless it is clearly made to appear that upon no hypothesis whatever is there substantial evidence to support the conclusion reached in the trial court." (Syl. ¶ 4.)

Defendant next complains of actions of the county attorney during the course of the trial. In support of his contention defendant's counsel filed an affidavit with the trial court with his motion for a new trial and at the hearing called an officer to testify as to remarks allegedly made by the county attorney. The affidavit referred to merely recited the impressions of defendant's counsel. The witness called failed to support defendant's contention as to either of the two instances of improper conduct, claimed by defendant. Further, defendant fails to show how he was prejudiced by any actions of the county attorney, if they occurred as alleged. The contention is without merit.

Defendant next contends the trial court erred in allowing officers called as witnesses for the state to testify from police reports when no foundation had been laid. The record discloses that the three witnesses, while testifying, referred to the reports in question when fixing times, dates, and street addresses during the course of their testimony. The police reports referred to were prepared by Detective Stowers who testified for the state and was cross-examined by defendant.

It has long been the law in this jurisdiction that a witness may refresh his recollection by referring to a writing made shortly after the occurrence of the fact to which he relates, and to testify to the fact provided he had an independent recollection of the subject matter. The weight and force of such testimony is for the determination of the trier of the facts. (*State v. Scott*, 199 Kan. 203, 428 P. 2d 458, and *State v. Cook*, 180 Kan. 648, 305 P. 2d 851.)

Lastly, defendant contends the trial court erred in denying his motion for judgment of acquittal notwithstanding the verdict, or in the alternative motion for a new trial. Defendant presents no further argument in support of this contention. The responsibility

of the trial court on motion for a new trial is succinctly described in *State v. Smith,* 187 Kan. 42, 353 P. 2d 510, where it is held:

"On motion for new trial after a verdict of guilty in a criminal case, the trial court has the duty of using its best judicial discretion in determining whether it will approve the verdict or grant a new trial, regardless of any error to which objection was made at the trial.

"In reviewing the order of a trial court on motion for new trial the supreme court has no discretion and must find clear error before reversing the order of the trial court on the motion." (Syl. ¶¶ 1, 2.)

We have carefully examined the voluminous record in this case and find the verdict of guilty supported by substantial evidence sufficient to justify the trial court's order approving the same and in the absence of any showing of prejudicial error the judgment must be affirmed.