[No. 30302.   Department One.   March 15, 1943.]

WILLIAM A. McCOY, *as Administrator, Appellant,* v.
DALE COURTNEY *et al., Respondents.*[1]

*Oliver Elliott* and *Luther Martin,* for appellant.

*John D. MacGillivray,* for respondents.

SIMPSON, J.—This is the second appeal in this case.   The original decision is reported in *McCoy v. Courtney,* 25 Wn. (2d) 956, 172 P. (2d) 596.

[1]Reported in 190 P. (2d) 732.

During the first trial, the superior court had dismissed the case on the ground that there was insufficient evidence to take the case to the jury. This court reversed the superior court and remanded the case for a new trial. At the end of the second trial, the jury returned the verdict in favor of defendants. Because the facts in the two cases are almost identical, we shall not attempt to make a statement of the evidence here but refer to the original appeal for the statement of the facts. After the jury had found in favor of the defendants, plaintiff presented a motion for new trial, based upon several grounds and supported by an affidavit. The trial court denied the motion for a new trial and entered a judgment dismissing the action. Plaintiff then appealed.

On appeal, appellant contends that the superior court committed error in the giving of eleven instructions and in refusing to give eleven instructions proposed by him, in denying his motion for new trial, in commenting on the evidence during the trial, in admitting certain evidence, and in refusing to admit other evidence.

■ We are unable to consider the assignments of error relating to the giving of instructions or the refusal to give other instructions, for the reason that the instructions are not set out in appellant's opening brief. Rule of Supreme Court 16(5), 18 Wn. (2d) 18-a; *State v. Severns*, 19 Wn. (2d) 18, 141 P. (2d) 142.

■ Assignment of error relating to the new trial was based upon allegations contained in an affidavit filed in support of the motion for new trial. The affidavit was not incorporated in the motion, nor has it been brought to this court in the statement of facts. Because the affidavit was not made a part of the statement of facts, we are unable to consider this assignment of error. *Lofthus v. Cumming*, 198 Wash. 115, 87 P. (2d) 283.

■ The assignment of error that the court commented upon the evidence is not argued in the briefs. It will, therefore, be deemed to have been abandoned. *Gephart v. Stout*, 11 Wn. (2d) 184, 118 P. (2d) 801.

██  The record relating to the claim of error in refusing to admit evidence shows:  Mr. Courtney testified that he always put his car in gear and pulled on the brake when he stopped it.  Counsel for appellant asked Courtney:

"When you stopped the car, put it in gear, and set the brakes you didn't know which one was holding the car, did you?"

An objection was sustained, but the witness answered by saying:  "I don't know which one held the car, I couldn't say."

The evidence was not stricken.  Asked if he paid any attention to the brakes, the witness answered:  "No, I didn't pay any attention to it, but if it wasn't working properly, I certainly would have had it fixed."

Counsel for appellant offered to prove, for the purpose of impeaching the witness, that, during the first trial, Courtney had testified, "To tell you the truth, I didn't pay any attention to the brakes before the accident."

The trial court correctly denied the offer of proof.  The quoted statement from the evidence given at the first trial was not different from that given at the second trial.  The record disclosed that Courtney, at all times during the giving of his testimony, frankly admitted that he knew nothing about the condition of the brakes on his car.  The fact that the question was not of impeaching character, was once answered on direct examination, and afterwards repeated, compelled the court to rule as it did.

██  The next problem presented is that the court erred in admitting certain evidence.  The record on this point discloses the following.  The testimony of W. W. Webb was taken by deposition in Seattle, prior to the first trial.  Mr. Webb had been in the employ of Kerr Motors at Bremerton for a period of eight years and four months subsequent to June 3, 1936.  During that time he had been shop foreman and service manager.  He testified that his company had sold and serviced the car which had caused the injury to Mrs. McCoy.  He stated that he had inspected and tried out the car at different times, and that the work done on it was under his supervision.  The car was lubricated about

every thousand miles and maintenance work was done at the same time. The witness testified that, after the accident to Mrs. McCoy, his company repaired the car by straightening some fenders, repairing one or two doors, and installing a door glass. After giving the last-mentioned statement, the witness said: "I couldn't tell you exactly what all was done without checking the repair order."

Counsel for appellant objected to the evidence on the ground that the records of the motor company constituted the best evidence. We find no error in the admission of the testimony. There was no attempt on the part of the witness to testify concerning the contents of the records of the Kerr Motor Company relating to the work done on, or the condition of, the Courtney car. The witness testified from personal knowledge and independent recollection, although he had refreshed his memory by checking some of the records of the Kerr Motor Company. To do as he did was entirely proper. *Schmidt v. Van Woerden,* 181 Wash. 39, 42 P. (2d) 3; *State v. Paschall,* 182 Wash. 304, 47 P. (2d) 15.

Appellant makes some contention that respondents should have produced the motor company's books in court. There was no duty on the part of the respondents so to do. *State v. Paschall, supra.*

The Kerr Motor Company had its office and place of business in the city of Bremerton, and appellant could have secured the records of that company had he desired to have them presented in court.

Finding no error, we affirm the judgment.

MALLERY, C. J., MILLARD, SCHWELLENBACH, and HILL, JJ., concur.