CARROLL, DONALD K., Acting Chief Judge.
The defendant in an action for overtime compensation has appealed from an adverse final judgment entered by the Circuit Court for Bay County, based upon a jury verdict.
Three points on appeal are raised by the appellant for our determination in this appeal : whether at the trial the Circuit Court committed reversible error: (1) in permitting the plaintiff to testify from a memorandum which he had prepared shortly before the trial; (2) in striking the defense of the Florida Statute of Limitations and in denying a directed verdict based thereon; and (3) in charging the jury in accordance with an instruction requested by the plaintiff concerning the application of a 1961 amendment ,to the Federal Fair Labor Standards Act of 1938.
In its complaint the appellee-plaintiff seeks recovery of damages for overtime compensation under two theories of recovery. The first theory is that the defendant was required to pay such compensation under the provisions of the Fair Labor Standards Act (29 U.S.C. §§ 201-219); and under the second theory the plaintiff predicates his claim for overtime compensation upon a breach of his contract with the defendant. While the plaintiff contends in his appellate brief that the first theory is the only theory of recovery stated in his complaint, we think that a fair reading of the complaint leads to a conclusion that recovery is sought therein under both of the said theories, as the defendant contends in its appellate brief.
To the plaintiff’s said complaint the defendant filed an answer substantially denying the plaintiff’s claim and pleading the Florida Statute of Limitations.
The trial evidence shows that the plaintiff was employed by the defendant as a helper in its produce department in July of 1955, and his employment by the defendant ended in July of 1964. During this period his weekly salary was increased from $55 to $75 a week. On January 6, 1965, the plaintiff filed this action for overtime compensation.
At the conclusion of the trial the jury returned a verdict for the plaintiff in the amount of $1,106.50, and a final judgment, based upon the verdict, was entered by the trial court, from which judgment the defendant has taken this appeal.
During the course of the trial, beginning on September 19, 1966, the plaintiff pro *605 duced a memorandum which, he testified, he had prepared “about two or three weeks ago,” listing the overtime hours which the plaintiff claimed he had worked each week from January 5, 1963, until July 18, 1964. The defendant’s objection to the plaintiff’s use of this memorandum in his testimony was overruled by the trial court, and the plaintiff was permitted to testify at length while using the memorandum. The plaintiff prepared this memorandum by using old calendars for the years 1963 and 1964, which calendars contained no information other than the dates. In his testimony the plaintiff admitted that he could not testify concerning the overtime hours he had worked during each of the claimed weeks without looking at his memorandum.
In our opinion, permitting the plaintiff to testify from the said memorandum was contrary to the fundamental evidentiary rule as stated by the Supreme Court of Florida in Volusia County Bank v. Bigelow, 45 Fla. 638, 33 So. 704 (1903):
“There is a clear and obvious distinction between the use of a memorandum for the purpose of stimulating the memory and its use as a basis for testimony regarding transactions as to which there is no independent recollection. In the former case it is immaterial what constitutes the spur to memory, as the testimony, when given, rests solely upon the independent recollection of the witness. In the latter case the memorandum furnishes no mental stimulus, and the testimony of a witness by reference thereto derives whatever force it possesses from the fact that the memorandum is the record of a past recollection, reduced to writing while there was an existing independent recollection. It is for that reason that a memorandum, to be available in such cases, must have been made at or about the time of the happening of the transaction, so that it may safely be assumed that the recollection was then sufficiently fresh to correctly express it.”
This court recognized the quoted rule in the recent case of King v. Califano, 183 So.2d 719 (1966).
Applying the above rule to the situation in the instant case, we think that the plaintiff’s own testimony shows that his use of the said memorandum was not for the purpose of stimulating his memory but rather for the purpose of providing a basis for his testimony regarding transactions as to which he had no independent recollection. Furthermore, the memorandum was not made at or about the time of the happening of the said transactions, so it cannot “safely be assumed that the recollection was sufficiently fresh to correctly express it.”
Accordingly, since the fact and amount of overtime worked by the plaintiff lay at the very heart of his action, and since the only evidence of such overtime was the plaintiff’s testimony based exclusively upon the memorandum discussed above, the court’s error in permitting the plaintiff to testify from the said memorandum constituted prejudicial, reversible error.
Since we are thus holding that the trial court committed reversible error and must therefore reverse the judgment appealed from and remand the cause for a new trial, there is no need for us to rule upon the remaining two points on appeal. An additional reason for our not ruling upon those points is that it is highly likely that our holdings thereon will have become moot by the time this cause is re-tried, as explained below.
The determination of the issues raised by the second and third points on appeal hinges upon the question whether the plaintiff’s claim for overtime compensation is based solely upon the Federal Labor Standards Act, as he contends, or upon that act plus the agreement with the defendant, as it contends. For instance, in the defendant’s second point' on appeal it urges that the trial court erred in striking the defense of the one-year statute of limitation (Sec. 95.11(7) (b), Florida Statutes, F.S.A.), while the plaintiff contends *606 that the two-year statute of limitation in the federal act (29 U.S.C. § 255) is applicable.
Upon the remand of this cause the exact nature and basis for the plaintiff’s claim for overtime compensation will no doubt be clarified through amendment of the pleadings, the entry of pre-trial orders, or other available procedures, and the clarified issues in the cause can then be submitted and determined.
For the foregoing reasons the final judgment appealed from herein should be and it is reversed, and this cause remanded with- instructions for further proceedings consistent with the views herein expressed.
Reversed and remanded with instructions.
RAWLS and SPECTOR, JJ., concur.