[No. 7638–5–III.   Division Three.   May 21, 1987.]

THE STATE OF WASHINGTON, *Respondent,* v. LEE SAMMONS, *Appellant.*

*Robert A. Castrodale,* for appellant (appointed counsel for appeal).

*Philip W. Borst, Prosecuting Attorney,* for respondent.

GREEN, J.—Lee Sammons appeals his conviction of indecent liberties. He contends the trial court erred in (1) admitting testimony relating statements made by the child victim without a preliminary hearing as required by RCW 9A.44.120, (2) allowing testimony of comments he made during a police interrogation in which he admitted previous sexual involvement with young children, and (3) allowing the prosecutor to lead a witness on redirect examination.

At trial, it was established that sometime during July or August 1984 the victim, an 8–year–old child, was found by a church member crying in the basement foyer of a church in Grand Coulee. When asked what was wrong, the victim stated: "He touched me in an icky, icky place." After being taken inside the church and asked to identify the man involved, the victim pointed to Mr. Sammons. The victim told her mother of the incident in November. In March 1985, approximately 7½ months later, the victim repeated her account of the incident to Lincoln County Deputy Sheriff Stanley Reider. Over objection, Deputy Reider testified concerning his respective interviews with the victim and Mr. Sammons. Deputy Reider testified that after Mr. Sammons was advised of his legal rights, Mr. Sammons

admitted sexual involvement with other children approximately 7 years earlier.

The child victim's testimony was offered at trial. In a proceeding conducted outside the presence of the jury, the court determined her competent to testify, stating it was convinced she had a full understanding of the truth.

First, Mr. Sammons contends it was error for the court to admit the testimony of the victim's mother and Deputy Reider as to statements made by the victim to each of them describing the church incident. Mr. Sammons argues that since the court failed to conduct a hearing as required by RCW 9A.44.120 to determine whether the time, content, and circumstances of the statements provided sufficient indicia of reliability there was error. We are constrained to agree.

RCW 9A.44.120, in relevant part, provides:

A statement made by a child when under the age of ten describing any act of sexual contact performed with or on the child by another, not otherwise admissible by statute or court rule, is admissible in evidence in . . . criminal proceedings . . . if:

(1) The court finds, *in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide sufficient indicia of reliability;* and

(2) The child either:

(a) Testifies at the proceedings; . . .

(Italics ours.) Although this statute is not a firmly rooted hearsay exception, it is to be used when the child's out–of–court declaration is not otherwise admissible. *State v. Ryan,* 103 Wn.2d 165, 170, 691 P.2d 197 (1984). The determination of whether a statement is admissible under RCW 9A.44.120 is within the sound discretion of the trial court. *State v. Frey,* 43 Wn. App. 605, 611, 718 P.2d 846 (1986). The statute requires a preliminary determination "'that the time, content, and circumstances of the statement provide sufficient indicia of reliability . . .'" *Ryan,* at 170. In *Ryan,* the court outlined the factors to be considered in determining the reliability of an out–of–court statement under this

statute:

> (1) whether there is an apparent motive to lie; (2) the general character of the declarant; (3) whether more than one person heard the statements; (4) whether the statements were made spontaneously; and (5) the timing of the declaration and the relationship between the declarant and the witness.

*Ryan,* at 175–76 (quoting *State v. Parris,* 98 Wn.2d 140, 146, 654 P.2d 77 (1982)). Also to be considered are the additional factors outlined in *Dutton v. Evans,* 400 U.S. 74, 88–89, 27 L. Ed. 2d 213, 91 S. Ct. 210 (1970): (1) whether the statement contains an express assertion about past fact, (2) whether cross examination could show the declarant's lack of knowledge, (3) the probability that the declarant's recollection is faulty, and (4) whether the circumstances surrounding the statement are such that there is reason to suppose the declarant misrepresented the defendant's involvement. *Ryan,* at 176.

In the case before us, the court held a preliminary hearing in which it questioned the victim and determined her competent to testify. However, the court failed to address the question of reliability, *i.e.,* the time, content and circumstances of the victim's statements. Compliance with RCW 9A.44.120 mandates, without exception, a hearing to address this issue even where the child testifies at trial. Thus, the prosecutor's argument that since the victim testified and was subject to cross examination removes the necessity to comply with this statute must fail. For us to apply the harmless error rule would abrogate the requirements of the statute and *Ryan. Ryan* requires that the "circumstantial guarantees of trustworthiness on which the various specific exceptions to the hearsay rule are based [be] those that existed at the time the statement was made and do not include those that may be added by using hindsight.'" *Ryan,* at 174 (quoting *Huff v. White Motor Corp.,* 609 F.2d 286, 292 (7th Cir. 1979)). RCW 9A.44.120 demands more than the finding, in hindsight, that the child victim's statements were reliable. *Ryan,* at 174. Therefore,

*Ryan* and RCW 9A.44.120 compel this court to find that the trial court's failure to hold a preliminary "time, content, and circumstances" hearing to determine whether the child victim's statements had indicia of reliability was error.

Second, Mr. Sammons contends that the court erred in allowing the testimony of Deputy Reider concerning Mr. Sammons' admitted previous sexual involvement with children. He contends such evidence is prejudicial and inadmissible under ER 404(b). We agree with the proposition that an accused must be tried for the offenses charged. *State v. Bouchard,* 31 Wn. App. 381, 384, 639 P.2d 761, review denied, 97 Wn.2d 1021 (1982). Thus, evidence of collateral conduct is generally inadmissible. *State v. Bloomstrom,* 12 Wn. App. 416, 420, 529 P.2d 1124 (1974), review denied, 85 Wn.2d 1009 (1975). However, we find, as the trial court did, that Mr. Sammons' comments were admissions and therefore admissible under ER 801(d)(2).

It is within the discretion of the court to determine over what time limits the evidence may range. *State v. Thorne,* 43 Wn.2d 47, 61, 260 P.2d 331 (1953). Testimony of prior sexual offenses committed up to 10 years prior to the offense charged has been held property admissible as not too remote. Annot., 88 A.L.R.3d § 8 (1978). Judicial discretion has not been abused unless the reviewing court can find no reasonable person would take the view adopted by the trial court. *State v. Huelett,* 92 Wn.2d 967, 969, 603 P.2d 1258 (1979). Thus, the admission of Mr. Sammons' statements concerning his prior conduct was not prejudicial error.

Finally, Mr. Sammons contends the court erred in allowing the prosecutor to lead a witness on redirect examination. Since Mr. Sammons cites no authority to support his position, we need not consider it. Contentions that are not supported by argument or authority will not be considered on appeal. *Pettet v. Wonders,* 23 Wn. App. 795, 802, 599 P.2d 1297, review denied, 93 Wn.2d 1002 (1979).

The failure of the trial court to hold the hearing man-

dated by RCW 9A.44.120 requires us to remand this case for the purpose of holding such a hearing. If the court finds the indicia of reliability required by RCW 9A.44.120, then the conviction is affirmed. However, if the court concludes otherwise, the conviction is reversed and a new trial must be granted.

Remanded.

MCINTURFF, C.J., and THOMPSON, J., concur.