IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33278-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DANIEL ALCARAZ MENDOZA, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Daniel Alcaraz Mendoza appeals his Benton County bench trial conviction of unlawful possession of a controlled substance—methamphetamine. He challenges evidentiary rulings by the court and the sufficiency of the evidence to support the conviction. We find no error and affirm.

FACTS AND PROCEDURE

The facts are summarized from testimony at the bench trial. On July 4, 2013, Kennewick Police Officers Dale Kuehny and Matt Newton made a probable cause arrest of Daniel Alcaraz Mendoza at his place of employment. Officer Kuehny searched Mr. Alcaraz Mendoza's pocket incident to the arrest and located a plastic baggie containing a white crystalline substance that field tested positive for methamphetamine. Following

*Miranda*[1] warnings and Mr. Alcaraz Mendoza's waiver of those rights, Officer Newton asked him what the substance was that Officer Kuehny had pulled from his pocket. Officer Newton testified that Mr. Alcaraz Mendoza said, "It's methamphetamine." Report of Proceedings (RP) at 12.

Officer Kuehny testified that he collected the substance seized from Mr. Alcaraz Mendoza's pocket, field-tested it, and packaged it into an evidence bag, which he placed in the police evidence locker. He filled out a form requesting the item be sent to the Washington State Patrol Crime Laboratory (Crime Lab) for testing. He received a report back from the Crime Lab. He examined the white crystalline substance in court and testified it appeared to be in relatively the same condition as when he collected it and requested testing. After a series of defense objections (discussed infra), Officer Kuehny testified that he recalled Mr. Alcaraz Mendoza admitting it was his "crystal meth," and that later at jail he said "he had the crystal meth because he had back pain." RP at 25.

Crime Lab scientist Martin McDermot testified over defense objections to foundation and chain of custody that he tested the submitted white crystalline substance and determined it contained methamphetamine. The court admitted the substance (exhibit 2) into evidence.

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

Based on the testimony, the court entered findings of fact and conclusions of law to the effect that Mr. Alcaraz Mendoza admittedly possessed what he knew to be methamphetamine and was thus guilty as charged of unlawful possession of a controlled substance. He appeals.

## ANALYSIS

Mr. Alcaraz Mendoza first contends the trial court erred by admitting Officer Kuehny's testimony regarding his (Mr. Alcaraz Mendoza's) admissions to possessing methamphetamine because the officer lacked independent recollection of the statements and had already improperly refreshed his recollection because he initially testified from his report.

Decisions involving evidentiary issues lie within the trial court's discretion and will not be reversed on appeal absent a showing of abuse of discretion. *State v. Castellanos*, 132 Wn.2d 94, 97, 935 P.2d 1353 (1997). "A trial court abuses its discretion when its decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons, i.e., if the court relies on unsupported facts or takes a view that no reasonable person would take; the standard is also violated when the trial court makes a reasonable decision but applies the wrong legal standard or bases its ruling on an erroneous view of the law." *State v. Hudson*, 150 Wn. App. 646, 652, 208 P.3d 1236 (2009). A witness's use of a written memoranda, such as a police report, to refresh a past recollection when the report has not been admitted into evidence lies within the

discretion of the trial court. *State v. Huelett*, 92 Wn.2d 967, 968-69, 603 P.2d 1258 (1979); *State v. Little*, 57 Wn.2d 516, 520, 358 P.2d 120 (1961) (use of notes to refresh memory of witness must be closely supervised by the trial court whose sound discretion is the most effective safeguard). The criteria for the use of notes or other memoranda to refresh a witness's recollection are (1) the witness's memory needs refreshing, (2) opposing counsel has the right to examine the writing, and (3) the trial court be satisfied that the witness is not being coached—that the witness is using the notes to aid, and not supplant, his own memory. *Little*, 57 Wn.2d at 521. Even after reviewing the memoranda, the witness must still testify from independent recollection of the matter. *McCoy v. Courtney*, 30 Wn.2d 125, 128, 190 P.2d 732 (1948); *Preston v. Metro. Life Ins. Co.*, 198 Wash. 157, 164, 87 P.2d 475 (1939); *see Huelett*, 92 Wn.2d at 969-70. During Officer Kuehny's testimony the prosecutor asked whether the defendant made any comments to him about the methamphetamine. Officer Kuehny answered that he did, and started to explain the comments when defense counsel objected that the officer appeared to be reading directly from his report. The court agreed with defense counsel that the State should first inquire whether the officer had any independent recollection, and if so, he could refer to the report to refresh his recollection. Officer Kuehny then stated that he prepared the report shortly after the incident and that he had "some recollection" of the events. RP at 23. He stated: "I don't think I could recall word for word what was said, but I could recall the gist of what was said." RP at 23. Defense

4

counsel then reiterated the objection: "[H]e's indicating that he's got some recollection, not a verbatim recollection. I'd ask that he be allowed to testify from his recollection." RP at 24. The court explained to the prosecutor that "[w]e need to get the extent of his memory on the record before you can refresh." RP at 24. After the prosecutor stated that he believed Officer Kuehny had exhausted his memory and should be allowed to refresh his recollection by referring to his report, defense counsel reiterated the objection:

> Your Honor, I'm not going to get Officer Kuehny's words exactly, but he said he remembers the gist of what was in the report. I think that is the basis for recollection. Verbatim? No, but definitely a recollection of what he placed in the report, so we're going to renew our objection to allowing him to read from his report.

RP at 25. The court agreed and told the prosecutor that he would need to ask some specific questions before he could be allowed to refresh and that he needed to "make a little more foundation." RP at 25.

The prosecutor then asked Officer Kuehny if he recalled what specifically the defendant said. Officer Kuehny responded, "I recall the defendant admitting it was his methamphetamine . . . or his crystal meth." RP at 25. The prosecutor then asked if he recalled if the defendant said why he had the crystal meth. Officer Kuehny responded, "Later at the jail he told me he had the crystal meth because he had back pain." RP at 25. The defense did not object to the testimony. Officer Kuehny made no further reference to his report.

5

Mr. Alcaraz Mendoza contends that the State failed to establish Officer Kuehny's independent memory of the subject matter as required under Washington law because he only had "some recollection," and that was after having already reviewed his report. He contends it was equally improper for the court to allow the officer to testify from his report without initially establishing that he had an independent recollection. He concludes that given the inculpatory nature of the evidence, the improper admission of the testimony was so prejudicial that a new trial is required. We reject these arguments.

As the State contends, the trial court properly restricted Officer Kuehny from using his report based on the defense objections, and the officer ultimately testified from his independent recollection in any event. Indeed, consistent with the above-cited case law, the trial court closely supervised the issue by not allowing the officer to read from his report while testifying and then requiring the prosecutor to establish the officer's independent recollection of the subject matter before the report could be used to refresh his memory. In the end, the report was not needed because the only indication is that the officer testified from his independent recollection of what Mr. Alcaraz Mendoza told him about the methamphetamine. There is no abuse of discretion or error by the trial court.

Mr. Alcaraz Mendoza next contends the court erred in admitting the white crystalline substance (exhibit 2) into evidence because the State failed to establish adequate foundation and chain of custody.

A trial court has broad discretion in admitting physical objects; we review for an abuse of discretion. *State v. Campbell*, 103 Wn.2d 1, 21, 691 P.2d 929 (1984). A physical object connected with a crime may be admitted into evidence when properly identified and when shown to be in substantially the same condition as when the crime was committed. *Id.* The evidence need not be identified with absolute certainty, nor must every possibility of alteration or substitution be eliminated. *Id.* Courts consider the nature of the item, the circumstances surrounding the preservation and custody, and the likelihood of tampering or alteration. *Id.* A sufficient foundation for the admission of evidence may be established even without proof of an unbroken chain of custody so long as the exhibit is properly identified as being the same object and in the same condition as it was when it was initially acquired by the party. *State v. Picard*, 90 Wn. App. 890, 897, 954 P.2d 336 (1998); s*ee also State v. McGinley*, 18 Wn. App. 862, 866-67, 573 P.2d 30 (1977) (not necessary for State to negate every possibility of tampering with exhibit by means of testimony of each custodian). Minor discrepancies or uncertainties will affect only the weight of the evidence, not its admissibility. *Campbell*, 103 Wn.2d at 21.

Officer Kuehny testified that exhibit 2 contained the white crystalline substance that he collected from Mr. Alcaraz Mendoza's pocket incident to arrest. He recognized the item based on the contents and the packaging that bore his writing and signature. Once he collected and packaged the item, he placed it into an evidence locker and requested that it be sent to the Crime Lab for testing. He received a report back from the

Crime Lab. He examined the exhibit in court and testified it appeared to be in relatively the same condition as when he collected it and sent it to the Crime Lab, except for blue tape the Crime Lab used to reseal the packaging.

The Crime Lab scientist, Martin McDermot, testified that exhibit 2 was the material in its packaging that he received for analysis in this case, and that its item numbers, case numbers, and general description correspond with the report that he prepared. He testified he made markings on the object indicating that he tested or handled it. He acknowledged, however, that he did not receive the item directly from Officer Kuehny, but rather from Victor Alcorey, a Crime Lab property and evidence custodian, who did not testify. Mr. McDermot was unable to testify how or where Mr. Alcorey received the item.

The defense thus objected to admission of exhibit 2 on foundation and chain of custody grounds. The court overruled the objection and admitted the exhibit on the basis that Officer Kuehny received the item and created the packaging and the item was as he observed it other than evidence of entry by the Crime Lab; Mr. McDermot testified there was an indication of his entry into the item; and, based on the testimony the only indication of changed condition goes to the weight of the evidence and not admissibility.

Mr. Alcaraz Mendoza contends the court erred in admitting exhibit 2 and related testimony of Mr. McDermot because crucial elements of the chain of custody were missing. He argues the reliability of the evidence was compromised because Mr.

McDermot was unable to testify how or where Mr. Alcorey obtained the item, thus leaving a critical gap in establishing that the evidence was the purported item taken from him in substantially the same form. We also reject these arguments.

The trial court's ruling indicates it found nothing to suggest tampering or alteration of the item beyond what Mr. McDermot did for purposes of testing. The State adequately identified the item and showed that it was in substantially the same condition as when the crime was committed, irrespective of lack of testimony regarding Mr. Alcorey's handling of the item. The court was correct that in this situation any deficiencies in chain of custody go to weight and not admissibility. The court did not abuse its discretion in admitting exhibit 2 and Mr. McDermot's testimony that the substance tested positive for methamphetamine.

Finally, Mr. Alcaraz Mendoza challenges the sufficiency of the evidence to support the conviction for methamphetamine possession. He contends that without the erroneously admitted exhibit 2 and testimony of Officer Kuehny and Mr. McDermot, the properly admitted evidence failed to establish the elements of the crime.

In reviewing a challenge to the sufficiency of the evidence, we view the evidence and all reasonable inferences in a light most favorable to the State to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). Following a bench trial, appellate review is limited to determining whether substantial evidence

supports the findings of fact and, if so, whether the findings support the conclusions of law. *State v. Stevenson*, 128 Wn. App. 179, 193, 114 P.3d 699 (2005). "Substantial evidence" is evidence sufficient to persuade a fair-minded person of the truth of the asserted premise. *Id.* We review challenges to a trial court's conclusions of law de novo. *State v. Gatewood*, 163 Wn.2d 534, 539, 182 P.3d 426 (2008). We defer to the trier of fact on issues of conflicting testimony, witness credibility, and persuasiveness of the evidence. *State v. Walton*, 64 Wn. App. 410, 415-16, 824 P.2d 533 (1992).

The crime of unlawful possession of a controlled substance requires proof of just two elements: (1) possession (2) of a controlled substance. RCW 69.50.4013(1). Methamphetamine is a controlled substance. RCW 69.50.206(d)(2).

As discussed, there was no error in the admission of Officer Kuehny's testimony, or in the admission of exhibit 2 that Mr. McDermot testified contained methamphetamine. Mr. Alcaraz Mendoza told both Officer Newton and Officer Kuehny that the substance seized from his pocket was methamphetamine. The trial court made written findings that Officer Kuehny searched Mr. Alcaraz Mendoza's pants pocket incident to his arrest and located a plastic baggie containing a white crystalline substance that Mr. Alcaraz Mendoza admitted was methamphetamine that he uses for back pain. The substance proved in Crime Lab testing to contain methamphetamine. (Findings of Fact 3-4, 8-10) These findings are supported by substantial evidence and support the court's conclusions of law that Mr. Alcaraz Mendoza knowingly possessed

10

methamphetamine—a controlled substance—in Benton County on July 4, 2013.

(Conclusions of Law 1-3) A rational trier of fact could find him guilty beyond a

reasonable doubt based on the evidence. RCW 69.50.4013(1); *Green*, 94 Wn.2d at 221.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____          _____
Siddoway, C.J.                                              Pennell, J.

11