**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

STATE OF WASHINGTON,

               Respondent,

       v.

CHRISTOPHER LEWIS LOCKEN,

               Appellant.

No. 79529-5-I

DIVISION ONE

UNPUBLISHED OPINION

APPELWICK, J. — Locken appeals from convictions for two counts of second degree assault and one count of attempted first degree burglary. He contends that the trial court erroneously limited the scope of his counsel's closing argument. We affirm.

FACTS

The State charged Christopher Locken with attempted burglary in the first degree and two counts of assault in the second degree, each with a deadly weapon enhancement. The charges were based on an incident in which Locken allegedly attempted to enter a private residence in search of his wives and, subsequently, threatened the homeowners with "a miniature Samurai sword" and "spike" while outside of their home. Locken described one of his wives as an "alien" and his other wife as "an 11-year-old alien little girl with a green belly button." He also mentioned that a wounded dragon was in "the area somewhere."

Citations and pin cites are based on the Westlaw online version of the cited material.

Pretrial, Locken indicated that he was "ready to proceed to trial on the theory of general denial" and that he had "[n]o defenses of [i]nsanity" nor expert testimony. In response, the State moved in limine to prevent Locken from arguing diminished capacity or not guilty by reasons of insanity to the jury. Locken did not "have any objection to that" and the court granted the motion.[1]

During closing argument, Locken's counsel discussed the evidence presented at trial and began to discuss intent, in pertinent part, as follows:

> Ladies and gentlemen, part of most criminal crimes, there is an intent element. . . .

> You heard a lot of outrageous testimony yesterday. Alien wives. Dragon wives. Dragon laying in a field with slashes on its back. An alien girl with a green belly button who was wounded. All of these figures Mr. Locken is claiming to be his wives.

> . . . .

> Think about what he – what you heard through testimony about what Mr. Locken said.

> How could he have the intent to commit any of these crimes when he truly believes that he --

At that point, the State objected, asserting that Locken's argument violated the motion in limine. The court sustained the objection and Locken requested a sidebar on the issue. After the sidebar, the court adhered to its ruling.

Locken then resumed his closing argument and made the following brief remarks:

---

[1] Locken's counsel, however, explained that while Locken had previously filed a notice of intent to present a mental defense, Locken indicated to counsel "quite distinctly both personally and in writing that he wished to proceed under a theory of general denial."

Okay. Ladies and gentlemen, I'm just asking you to take into account the statements that Mr. Locken – the testimony that you heard about what Mr. Locken had said and take that into account when you're deliberating today.

After the jury retired to begin deliberations, the court and parties put the sidebar on the record. Locken's counsel stated,

Your Honor, it wasn't clear to me on what basis the Court sustained [the State's] objection.

Intent is an element of the crime charged. We have a constitutional right to question whether or not the State has proven each of them [sic] element[s] of the crime beyond a reasonable doubt.

. . . .

That's all we'd intended to point out, which was if he had an intent, it wasn't to kidnap a 5-year-old boy or to otherwise harm somebody else. It was his intent to basically rescue one of his wives. We don't know which one.

The State clarified that its objection was based on the belief that Locken was arguing diminished capacity in violation of the court's pretrial order. The court then explained, "The argument up here which I heard . . . was that [the defense] w[as] violating the diminished capacity as to whether or not he could form intent. . . . And I ruled upon that argument. That's the basis." Locken's counsel then said,

Okay. So that Your Honor's ruling was more limited than what it appeared to us to be at the bench. I now understand it.

So the Court is saying, as I understand it, we could have in fact have continued arguing lack of intent based upon the facts.

(Emphasis added.)

3

The court again "emphasize[d]" that its ruling "was on the argument of diminished capacity" and "violating that ruling that was – he could not form his intent because of his mental capabilities."

The jury found Locken guilty as charged. He appeals.

DISCUSSION

Locken's sole argument is that the trial court violated his right to counsel and right to due process by restricting counsel's closing argument.

Where a trial court unduly limits the scope of defense counsel's closing argument, it may infringe upon a defendant's Sixth Amendment right to counsel. State v. Frost, 160 Wn.2d 765, 772, 161 P.3d 361 (2007). "We review the trial court's decision to limit closing argument for abuse of discretion." State v. Wooten, 178 Wn.2d 890, 897, 312 P.3d 41 (2013). "A court abuses its discretion 'only if no reasonable person would take the view adopted by the trial court.'" Id. at 897 (quoting State v. Huelett, 92 Wn.2d 967, 969, 603 P.2d 1258 (1979)). While counsel has considerable latitude in closing argument, such argument "must be restricted to the facts in evidence and the applicable law, lest the jury be confused or misled." State v. Perez-Cervantes, 141 Wn.2d 468, 474, 6 P.3d 1160 (2000).

Here, Locken claims that the trial court "grievously erred when it prohibited" his counsel from "arguing during summation that the State failed to meet its burden in proving intent." But, the record shows no such prohibition.

Locken declined to assert the defense of diminished capacity. Diminished capacity was not an issue before the jury, and argument on that topic had considerable potential for misleading the jurors. Thus, to the extent that his

4

counsel in closing was asking the jury to infer from the nature of his statements that he was incapable of forming the necessary intent, the court properly sustained the State's objection. And, afterward, counsel acknowledged that the court's ruling did not prevent it from arguing "lack of intent based upon the facts."

The trial court did not abuse its discretion in sustaining the State's objection during defense counsel's closing argument. Accordingly, the court did not violate Locken's right to counsel or right to due process. We affirm.

_Appelwick, J._

WE CONCUR:

_Chun, J._      _Mann, C.J._