**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

**FILED**
**FEBRUARY 8, 2023**
In the Office of the Clerk of Court
WA State Court of Appeals Division III

COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON

| | | |
|---|---|---|
| ERIN LYNN GRASER, | ) | No.   39296-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING MOTION |
| | ) | TO PUBLISH OPINION |
| ZANE WILLIAM OLSEN, | ) | |
| | ) | |
| Appellant. | ) | |

THE COURT has considered the third-party Family Violence Appellate Project, et al's motion to publish the court's opinion of December 5, 2023, and the record and file herein, and is of the opinion the motion should be granted.  Therefore,

IT IS ORDERED, the motion to publish is granted.  The opinion filed by the court on December 5, 2023, shall be modified on page 1 to designate it is a published opinion and on the last page by deletion of the following language:

A majority of the panel has determined that this opinion will not be printed in the Washington Appellate Reports but it will be filed for public record pursuant to RCW 2.06.040.

PANEL:  Judges Fearing, Lawrence-Berrey, Pennell

FOR THE COURT:

_____
GEORGE B. FEARING, Chief Judge

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ERIN LYNN GRASER, | ) | |
| | ) | No.  39296-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ZANE WILLIAM OLSEN, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, C.J. — Zane Olsen appeals, on two grounds, entry of a domestic violence protection order against him.  Olsen first argues that the trial court erred when failing to entertain live testimony and when resolving the question of the parties' credibility through declarations.  Second, Olsen maintains that substantial evidence did not support a finding that he engaged in coercive control of petitioner Erin Graser.  Because Olsen did not ask for live testimony during the superior court hearing and because substantial evidence supported the trial court's finding, we affirm.

## FACTS

This appeal arises from a domestic violence protection order granted to wife Erin Graser against husband Zane Olsen.  We take the facts from Graser's petition for a domestic violence protection order and Olsen's responding declaration.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 39296-1-III,
*Graser v. Olsen*

In her September 9, 2022 petition, Erin Graser answered questions as follows:

Does the restrained person have or own firearms?  Yes

Would the restrained person's use of firearms or other dangerous weapons be a serious and immediate threat to anyone's health or safety?  Yes

Even if the restrained person does not have firearms now, has the restrained person ever used firearms, other weapons or objects to threaten or harm you?  If yes, describe what happened.  Yes.  [Olsen] threatened to "kill himself" while holding a gun after a discussion, verbally says he is a burden + should just end his life.  This happens about once a month.

Clerk's Papers (CP) at 24 (boldface omitted)

Other: He has over 15 firearms throught [sic] the house, at least 3 in the bedroom w/ ammo close by, if they are not loaded.  In the guest room closet there are most the [sic] remainder of them.

CP at 26 (boldface omitted).

Immediate Protection:  Do you need a Temporary Protection Order to start immediately, without prior notice to the restrained person?  Yes.
 . . . .
I want a divorce and I don't feel I can say that to him + remain safe because of the guns.  Once I have an order + can safely change the locks + start divorce proceedings.  I will give the guns to his sister at a safer later date.  I . . . don't think he needs to be prohibited from getting more firearms, I just want to safely separate without threats of violence.

CP at 27 (boldface omitted).

What happened most recently that made you want a protection order?
Zane's rage has continuously escalated.  Zane bullys [sic] + takes household items (like TV remotes) and keeps them until he deems me good enough to earn them back.  I have tried having civil discussions and they are not successful.  Almost every discussion ends with him angry + screaming.  Every fight is worse + I don't think I have seen the worst of Zane's actions.

2

No. 39296-1-III,
*Graser v. Olsen*

CP at 27-28 (boldface omitted).

What happened in the past that makes you want a protection order?
6-8 month [sic] ago Zane threatened to shoot himself while holding a gun after a discussion.
Uses his height to intimidate me by walking over and getting in my face.
Cusses at me.
Once a month verbally says he is a burden + he should just end his life.

CP at 28 (boldface omitted).

Describe any threats of self-harm or suicide attempts by the restrained person.
Zane has 23 failed suicide attempts from his childhood.
Zane threatened to shoot himself while holding a gun 6-8 months ago.

CP at 29.

In response to Erin Graser's petition for a domestic violence protection order,

Zane Olsen, on September 15, 2022, filed a declaration that disavowed allegations in the

petition. He averred in part:

3. I have never pointed a firearm at my own head and threatened to kill myself;
4. I have never stated "I should end my life;"
5. I have never threatened Ms. Graser
6. I am legally allowed to own firearms. I am in the process of getting a gun safe;
7. I have always handled my firearms with the upmost care and I am a responsible gun owner;
8. I do not bully Ms. Graser, nor do I take and keep household items hostage from her;
9. Whenever I try to have a serious discussion with Ms. Graser, she turns on the TV and ignores me. I do not scream and fight with her;
10. I do not use my height to intimidate her. I am 6-5 and she is 5-5. I can't do anything about our height difference;

3

No. 39296-1-III,
*Graser v. Olsen*

11. I do not verbally abuse Ms. Graser;
12. 6-8 months ago, I did not threaten to kill myself;
13. I have never attempted suicide.

CP at 64-65.

## PROCEDURE

On September 9, 2022, Erin Graser filed, in the district court, her petition for a domestic violence protection order against Zane Olsen. On September 9, the district court issued a temporary protection order and hearing notice effective until the date of the hearing, September 22, 2022. The district court also transferred the suit to the superior court.

The hearing on the domestic violence protection order petition occurred on October 6, 2022. Both parties appeared, through counsel, at the hearing, and counsel presented argument. Neither party sought nor introduced live testimony. The court considered the sworn statements of Erin Graser and Zane Olsen. During the hearing, counsel for Graser argued that Olsen committed domestic violence by exercising coercive control over Graser.

In its oral ruling, the superior court commented that it "ha[d] to look to certain things that would give me an indication of whether there is more indicia of credibility one way or the other" based on the parties' declarations. Report of Proceedings (RP) at 11. The court determined Erin Graser to be more credible than Zane Olsen and concluded that Graser proved by a preponderance the requirements for a domestic violence protection order. The superior court explained:

4

No. 39296-1-III,
*Graser v. Olsen*

At this time the Court is going to make its ruling. And I will indicate that I've reviewed the new statute again, Mr. Nelson referenced it, but it's RCW 7.105. Of particular note are 7.105.010, subsection (9) does define domestic violence. It does include in that definition under subsection (a) coercive control. Coercive control is defined under 7.105.050, subsection (4)(a).

. . . .

When I look at Ms. Graser's petition, there are some things that strike me as supporting her credible allegations . . . . [S]he did list in her petition several incidents that would rise to the level of domestic violence and coercive control under the definition of the statute.

. . . [S]he seems to describe acts that would be indicative of domestic violence under the statute. She alleges that Mr. Olsen held a gun to himself and made suicidal threats, that he made comments about being a burden. Those comments are used for control and to manipulate behavior. She also indicates that there is easy access to firearms. She also indicates that her reason for why she is seeking this protection order is to safely dislodge herself from an abusive relationship. And the studies have been proven, that's the most dangerous time for a person who's a victim of domestic violence is when they leave a relationship. So I find it credible that that would be her motivation. And that's what she said, ensuring her protection as she exited this marriage.

The allegation about firearms, I agree with Mr. Nelson. That was exactly my thought as I was listening to the argument, that if Ms. Graser was actually trying to be vindictive, she would have wanted those firearms kept away indefinitely. Instead, she indicated she was simply concerned about the period of time for the relationship to be officially ended and divorce proceedings to be started, not that she felt that Mr. Olsen should never have firearms again.

So taking all of those things, I do find that Ms. Graser starts with the Court finding that she is credible. And if I take her allegations on their face, and I am, and I'm finding that they're credible and do fit the statute, I think she's met her burden by a preponderance of the evidence.

Now, to rebut that burden, I would be looking for an indicia of something to indicate to me that Mr. Olsen in fact could support his position. And I probably would hear an argument that how do you prove a negative. There are ways. And simply saying I didn't do this, I didn't do this, I didn't do this, without any explanation of what the relationship looked like is a blanket denial of every allegation she's had. Mr. Olsen's

5

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 39296-1-III,
*Graser v. Olsen*

> self-serving declaration didn't seem to have that same indicia of reliability that I would be looking for.
>
> So for those reasons I do find that Ms. Graser has met her burden with regard to a preponderance of the evidence that a domestic violence protection order should be granted. So I will be granting the continued protection order. It will be good for one year from today. So it will expire October 6th, 2023. I do need to prepare the documents, unless I have counsel who brought documents.

RP at 10-13.

The superior court entered the domestic violence protection order on October 6, 2022. In the order, the superior court indicated that it found, by a preponderance of the evidence, that Erin Graser proved the required criteria for a domestic violence protection order by checking a box next to the following language:

> Domestic Violence Protection Order—The restrained person has subjected the protected person to domestic violence: physical harm, bodily injury, assault, or the infliction of fear of physical harm, bodily injury, or assault; nonconsensual sexual conduct or nonconsensual sexual penetration; *coercive control*; unlawful harassment; or stalking. (*For intimate partners or family or household members only*)

CP at 102. The court also found that Zane Olsen represents a credible threat to the physical safety of Graser.

## LAW AND ANALYSIS

On appeal, Zane Olsen contends the superior court abused its discretion when granting the petition for a domestic violence protection order because it did not insist on holding an evidentiary hearing with live testimony to test the credibility of the parties.

6

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 39296-1-III,
*Graser v. Olsen*

Olsen also contends that substantial evidence did not support the court's finding that he was a credible threat to Graser.

Live Testimony

Trial courts exercise discretion in deciding whether to grant or deny petitions for domestic violence protection orders. *Juarez v. Juarez*, 195 Wn. App. 880, 892, 382 P.3d 13 (2016). Hence, this court reviews such decisions for an abuse of discretion and will not disturb such an exercise of discretion absent a clear showing of abuse. *Rodriguez v. Zavala*, 188 Wn.2d 586, 590, 398 P.3d 1071 (2017). The trial court abuses its discretion when its ruling is manifestly unreasonable or based upon untenable grounds or reasons. *State v. Powell*, 126 Wn.2d 244, 258, 893 P.2d 615 (1995).

> A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard.

*In re Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997). This reviewing court will not find an abuse of discretion unless it is convinced that no reasonable person would take the view adopted by the trial court. *State v. Perez-Cervantes*, 141 Wn.2d 468, 475, 6 P.3d 1160 (2000); *State v. Huelett*, 92 Wn.2d 967, 969, 603 P.2d 1258 (1979).

Zane Olsen argues that the trial court erred by failing to hold an evidentiary hearing with oral testimony to assist in resolving each party's credibility. Olsen highlights that the superior court commented that it lacked the ability to ascertain the

7

No. 39296-1-III,
*Graser v. Olsen*

credibility of each party as it would at trial. According to Olsen, the trial court

wrongfully believed it could not have, on its own, ordered an evidentiary hearing to

determine each party's credibility. This erroneous view of the law, according to Olsen,

constitutes an abuse of discretion.

We note that the superior court never ruled that it lacked authority to entertain live

testimony. More importantly, during the hearing on the domestic violence protection

order, Zane Olsen never asked for live testimony. He did not complain when the trial

court resolved credibility by the declarations of the parties, despite the court commenting

that live testimony would have assisted. Because Olsen raises the issue for the first time

on appeal, we refuse to review it under RAP 2.5(a).

Even if Zane Olsen had asked for an evidentiary hearing, the superior court need

not have granted the request. Domestic violence protection order hearings are equitable

in nature and may be properly determined by a court on documentary evidence alone.

*Davis v. Arledge*, 27 Wn. App. 2d 55, 71, 531 P.3d 792 (2023). The trial court has the

discretion to allow discovery, live testimony, and cross-examination. *Davis v. Arledge*,

27 Wn. App. 2d 55, 71 (2023).

Sufficient Evidence

Zane Olsen next argues that substantial evidence did not satisfy the required

criteria for a domestic violence protection order. When an appellant contends that

findings of fact do not support the trial court's conclusions, we limit our review to

determining whether substantial evidence supports the findings and, if so, whether those

8

No. 39296-1-III,
*Graser v. Olsen*

findings support the conclusions of law. *Nguyen v. City of Seattle*, 179 Wn. App 155, 317 P.3d 518 (2014). Substantial evidence is evidence sufficient to persuade a fair-minded, rational person that the finding is true. *In re Estate of Langeland*, 177 Wn. App. 315, 320, 312 P.3d 657 (2013). This court defers to the trier of fact on the persuasiveness of the evidence, witness credibility, and conflicting testimony. *In re Knight*, 178 Wn. App. 929, 937, 317 P.3d 1068 (2014).

RCW 7.105.010(9)(a) defines "domestic violence" for purposes of a protection order:

> [p]hysical harm, bodily injury, assault, or the infliction of fear of physical harm, bodily injury, or assault; nonconsensual sexual conduct or nonconsensual sexual penetration; *coercive control*; unlawful harassment; or stalking of one intimate partner by another intimate partner.

(Emphasis added.) RCW 7.105.010(4)(a) defines "coercive control" as:

> a pattern of behavior that is used to cause another to suffer physical, emotional, or psychological harm, and in purpose or effect *unreasonably interferes* with a person's free will and personal liberty.

(Emphasis added.) When assessing unreasonable interference, a court must "consider the context and impact of the pattern of behavior from the perspective of a similarly situated person." RCW 7.105.010(4)(a). The legislature gave examples of "coercive control" as including communicating the intent to attempt suicide and using

> or threatening to use, any firearm . . . in a manner, under circumstances, and at a time and place that either manifests an intent to intimidate the other party or that warrants alarm by the other party for their safety or the safety of other persons.

RCW 7.105.010(4)(a)(i)(C), (E)(III).

9

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 39296-1-III,
*Graser v. Olsen*

Testimony in the declaration of Erin Graser outlined a classic example of coercive control by the use of firearms and threats to commit suicide. The trial court found coercive control, and substantial evidence supported the finding.

CONCLUSION

We affirm the superior court's issuance of the domestic violence protection order.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Pennell, J.